■ In the Matter of VESTAL TEACHERS ASSOCIATION, NYEA/NEA, Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board dismissing improper practice charges against the Vestal Central School District. Prior to 1980, respondent Vestal Central School District (district) employed and paid additional remuneration to its high school and junior high school guidance counselors for one week in June and two weeks in August before the beginning of the next school year. The guidance counselors' duties in August consisted primarily of reviewing student course schedules, checking personally those schedules which could not be processed by computer and resolving scheduling conflicts for individual students. In June, 1980, the district gave notice to these counselors that their summer 1980 employment would be cut by one week in August with a corresponding reduction in remuneration. Subsequently, petitioner filed unfair practice charges with respondent Public Employment Relations Board (board) on behalf of the counselors, alleging that the district had violated applicable provisions of the Taylor Law (Civil Service Law, § 209-a, par 1, subds [a], [d]) in August, 1980, by unilaterally reducing the summer work and remuneration of the counselors and in giving the work ordinarily performed by guidance counselors to nonunit administrators. At the hearing on these charges, the district defended its action on the basis that the reduction in the employment and pay were in response to substantial decreases in workload of the counselors. The decrease in work was attributed to two factors: (1) a steadily declining student population at the secondary school level with a corresponding reduction in student/counselor ratios; and (2) a change in the method of course scheduling, making it possible to process significantly more student schedules solely by means of computer. The hearing officer's decision accepted the district's evidence and found that in fact the district was justified in reducing the summer employment of the counselors by one week because of a significant decline in summer workload. The hearing officer further found, however, that an improper practice was committed by the district in reducing the counselors' summer remuneration without offering to negotiate. The charge based upon alleged assignments of the work of the counselors to nonunit administrators was dismissed because of insufficient proof. The board confirmed the findings of the hearing officer that the reduction in summer employment of the counselors was linked to a significant decrease in workload. The board, however, reversed the hearing officer's determination that the district improperly reduced remuneration, holding that the district's action was in the nature of a layoff for lack of work, which need not have been negotiated. Petitioner then commenced the instant article 78 proceeding on the sole ground that there was not substantial evidence to support the board's finding that the reduction in employment was due to a decrease in workload. Our review of the record leads us to a contrary conclusion. There was evidence that enrollment in the district's secondary schools had declined over 20% from its 1975-1976 level and that the average pupil caseload for guidance counselors had declined in that period from 331 students to 285 students per counselor. There was also testimony that as a result of an improved scheduling system, the proportion of

student schedules which could be processed solely by computer had increased from 55% to 70%, with a resulting one-third reduction of work during August for counselors. Moreover, contrary to petitioner's basic contentions that these factors had only a *de minimis* effect on workload and that scheduling in August, 1980 was only accomplished through administrators taking on a greater share of the work, the district's high school principal testified that he experienced no increased workload over that of prior years and that in fact his burden was less intense in 1980 than in the previous nine or ten years. The weight to be given to the foregoing evidence was solely within the province of the board (*Matter of Egan v Newman,* 92 AD2d 1007). The board having accepted the foregoing evidence, we cannot say that it was unreasonable for it to have concluded therefrom that the district's reduction of summer employment and remuneration of its guidance counselors was attributable to a significant decrease in their workload and was, therefore, not an improper practice under the Taylor Law (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-182). Accordingly, the petition should be dismissed. Determination confirmed, and petition dismissed, with costs to respondent Public Employment Relations Board. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.